Jones v. French.

JONES *v.* FRENCH, APP'T.

The clerk of a militia company may amend his return pending proceedings on a complaint in which such return is evidence, and in which he is a party; and upon a motion for that purpose, the court will read affidavits taken without notice.

COMPLAINT FOR A MILITARY FINE. Charles C. Whitehouse, a sergeant of a military company, made return on the back of an order to notify a training, issued by the captain of said company, as follows: " May 15, 1843. Pursuant to the within order, I have notified and warned the within-named Charles French (and other persons named in said order) to appear at the time and place of parade within named, uniformed and equipped as the law directs, for military duty, by handing to each one in person a printed notification, by me signed, more than four days prior to said day of training," &c.

The plaintiff moved that the said sergeant have leave to amend said return by substituting the words " on Wednesday the tenth day of May, A. D. 1843," in place of the words

" more than four days prior to said day of training," in said return, and, to sustain his motion, introduced the affidavits of said Whitehouse and Samuel Jones, the captain, and Joseph R. Jones, the clerk of said company, taken without notice to the defendant.

The defendant objected to said amendment and to said affidavits being used, for the reason that they were taken without notice to him, and insisted that all evidence used on the hearing of said motion should be taken with notice to the adverse party.

The court overruled said objections, admitted said affidavits to be used, and allowed said amendment to be made, to which rulings, admissions and allowance of said court the defendant excepted.

*Eastman*, for the plaintiff.

*Hobbs*, for the defendant.

WOODS, J. This is a motion, on the part of the clerk of a militia company, for leave to amend his return upon the captain's order. In *Clapp* v. *Watson*, 8 Pick. 449, it was held that the captain's certificate upon the warrant of a sergeant, that the latter had taken the official oath, might be amended pending proceedings upon the complaint of the sergeant for a militia fine, in which it was necessary to show his appointment and legal qualification. The decision is fully sustained by the general principle of allowing amendments by officers whose returns are made evidence by law of the facts which they contain. The provision of our statute, (Rev. Stat. ch. 78, § 4,) in affirmance of the common law; gives power to the officer, in the present case, to amend his return " at any time, so that all the facts may appear." It is plainly a case in which leave to amend may be granted.

The motion, and the evidence in support of it, are addressed to the court. To such evidence the ordinary rules

excluding parties and others in interest, and requiring notice and opportunity to the opposite side for cross-examination, do not apply. It commonly relates to the mere preliminaries of trial, to questions aside from the merits of the case and from the issue, and to facts which lay the ground for the admission of testimony upon the matters really in dispute. The party here seeks to amend his doings as a public officer in a matter of public concern. It interests the public that this return be made correct,——that it be made as it would have been made, on proper advisement, at the beginning, and as it ought to be made upon the facts. That the amendment affects the present controversy is merely an incident, which should in no way affect the right of the party to make it, by imposing upon him a more onerous burden of proof, or otherwise. The rulings in the court below were, therefore, correct.